WALTER M. ELSWICK, Judge.
James D. Timms was employed as an attendant in ward seven at West state hospital for the insane on the 11th day of November 1938, and while in the course of his employment *42 as such attendant he was fatally injured by one of the inmates of said ward seven of said hospital striking him with a mop on the back of his head near the crown of his head and producing an intercranial hemorrhage of which he died the following day. The injury occurred between seven and eight o’clock in the morning while he, the said James D. Timms, had the sole care and custody of twenty-three inmates in the ward. There were fifty-one male inmates occupying ward seven and the said James D. Timms and Minor S. Fleming were the only persons serving said ward as attendants. Mr. Fleming had taken twenty-eight of the inmates to the dining hall for the breakfast meal. The twenty-three who remained in said ward under Mr. Timms’ care were ‘‘untidy or unclean” and were to be fed later in their ward. A number of them were of the criminally insane type and some, or at least the one who struck the decedent, had homicidal records. The decedent, James D. Timms, had been an employee of said hospital for about forty years prior to his death. It was customary at the hospital to have the sweeping and mopping of the ward done by the inmates to give them exercise.
William Edward Timms qualified as administrator of the estate of James D. Timms, deceased, and filed claim for $10,-000.00 for the wrongful death of said James D. Timms, deceased, alleging in his notice that it was unsafe to leave only one attendant in the ward with said inmates and that the decedent’s death was caused by the negligence of those having control and supervision of the Weston state hospital by not retaining a sufficient number of attendants to care for the inmates of said ward.
There is a conflict of testimony in the evidence as to whether or not there had been an enforced rule or order issued to attendants prohibiting inmates from having mops or brooms or to do any mopping while only one attendant was on duty in the ward but the result of our decision governed by the statutes applicable in this case, considered in the light of all the evidence, does not prompt a determination of those issues on the question of liability as, fixed by the general law. For at the *43 time that the decedent received the fatal injury the state board of control of West Virginia, under whose control and supervision the Weston state hospital was operated, was a subscriber with premiums paid to workmen’s compensation under chapter 23 of the code of West Virginia, and had complied with the provisions of said code relative to posting of notice and reporting the accident. (Record pp. 52 and 53). Application papers were mailed to the West Virginia board of control at Weston state hospital, Weston, West Virginia by the compensation commissioner on November 18, 1939, for the use of the dependents of James D. Timms in filing claim for compensation. The only paper filed with the commissioner was a claim for the funeral bill prepared by Sweeney and Toothman, undertakers at Weston, West Virginia, for the sum of $379.07. The sum of $150.00 (the maximum sum allowed on funeral expenses) was paid by check of the workmen’s compensation commission to the undertakers, who, having been paid their bill in full by the Timms family before receipt of said check, endorsed same over to William Edward Timms who received payment on same. (Record pp. 10 and 53).
The said James D. Timms left surviving him two sons, said William Edward Timms and James Mathew Timms, as sole heirs at law and sole distributees of his estate. Both of said sons were adults and neither was dependent upon their father’s earnings for their Support, nor was there any other person dependent in whole or part for his or her support upon the earnings of the said James D. Timms at the time of his death who could qualify as the word “dependent” is defined in chapter 23 of thé code.
The state of West Virginia by the attorney general filed a written plea to the notice of claim filed herein, alleging that the jurisdiction of this court does not extend to a hearing and determination of the claim of the nature filed since it is a claim for a death benefit under chapter 23 of the code and that jurisdiction is expressly excluded by virtue of chapter 14, article 2, section 14 of the code. A replication in writing was filed by the claimant to said plea and issue joined, and the *44 court proceeded to hear the testimony adduced by and on behalf of both the claimant and the state. After hearing the evidence we are of the opinion that the court does not have jurisdiction, under the statute, and deem it necessary to set 'forth those portions of chapter 23 of the code in effect at the time of the fatal injury pertaining to the state of West Virginia and all its governmental agencies or departments as an employer, the exoneration of liability of employers paying into the compensation fund and complying with the law relating thereto, the provisions relative to waiver of an employee of certain rights of action continuing in service after notice of the relationship given as prescribed by said statute, and the limitation on death benefits to dependents payable as set forth therein.
Chapter 23, article 2, section 1 of the 1937 code of West Virginia, Michie’s code section 2511, provided:
“The state of West Virginia and all governmental agencies or departments created by it are hereby required to subscribe to, and pay premiums into the workmen’s compensation fund for the protection of their employees, and shall be subject to all requirements of this chapter, and all rules and regulations prescribed by the commissioner with reference to rates, classification and premium payments ... The premium and actual expenses in connection with governmental agencies and departments of the state of West Virginia, shall be paid out of the state treasury from appropriations made for such agencies and departments, in the same manner as other disbursements are made by such agencies and departments, and such premiums of state agencies and departments shall be paid into the fund in the same manner as herein provided for other employers subject to this chapter.”
Chapter 23, article 2, section 6 of the code, Michie’s code section 2516, provided:
“Any employer subject to this chapter who shall elect to pay into the workmen’s compensation fund the *45 premiums provided by this chapter shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after such election and during any period in which such employer shall not be in default in the payment of such premiums and shall have complied fully with all other provisions of this chapter: Provided, That the injured employee has remained in his service with notice that his employer has elected to pay into the workmen’s compensation fund the premiums provided by this chapter. The continuation in the service of such employer with such notice shall be deemed a waiver by the employee and by parents of any minor employee of the right of action as aforesaid, which the employee or his or her parents would otherwise have.”
Chapter 23, article 4, section 1 of the code, Michie’s code section 2526 provided:
“The commissioner shall disburse the workmen’s compensation fund to the employees of such employers as are not delinquent in the payment of premiums . .., or to the dependents, if any, of such employees in case death has ensued, according to the provisions hereinafter made; ...”
Chapter 23, article 4, section 10, Michie’s code section 2535 provided:
“In case the personal injury catases death . . . the benefits shall be in the amounts, and to the persons, as follows:
(a) If there be no dependents, the disbursements shall be limited to the expense provided for in sections three and four (Michie’s code sections 2528 and 2529) of this article;...”
Said section three (Michie’s code section 2528) provided for disbursements for medicine, hospital treatment, artificial limbs, etc., and said section four (Michie’s code section 2529) provided for payment of funeral expenses of decedent not to ex *46 ceed $150.00. There was not any further provision for the payment of benefits in case of death where there are no dependents as defined in section ten (g) article four chapter 23 of the code, and there was no person within that classification to claim benefits by reason of the death of James Timms as in the instant case.
But claimant in this case insists that since there were no persons who were dependents upon the decedent James Timms who could receive benefits under the workmen’s compensation act embraced in chapter 23 of the code, a liability for damages for wrongful death exists irrespective of chapter 23 of the code and that this court has jurisdiction to determine and to make recommendations as to the merits of his claim; that by reason thereof section 14, article 2, chapter 14 [Michie’s code 1147 (9) ] excluding this court from jurisdiction as to any claim for a disability or death benefit under chapter 23 of the code is' not applicable to claimant’s claim. In theory he would say that when the act was first adopted it was left optional with the employer to pay into the fund, and optional with the employee to waive the right of action by continuation in his employment, but that with the prevalence of employers paying into the fund by the popularity of the act with employers there is no. choice left with the employee but to continue in the employment.
While we do not undertake to rule upon the reason or wisdom of the general statute for denying benefits to children of a decedent who are not classified as dependents under the code, we are compelled to bear in mind the provisions of section 6 of article 2, supraK specifically stating that any employer shall not be liable to respond in damages at common law or by statute for the injury or death of any employee however-occurring when such employer has elected to pay. into the fund the premiums provided by chapter 23. The general statute by said chapter 23 of the code specifically provides that continuation in the service of such employer with notice of such relationship shall be deemed a waiver by such employee of such rights of action. This having been so treated by the general law under chapter 23 of the code, regardless of the merits *47 of an individual claim, chapter 14, article 2, section 14, excluding this court from jurisdiction of such a claim, would govern.
We find from an examination of chapter 23 article 4, sections 15 and 16, that the time therein prescribed has expired for filing application for benefits to dependents as well as granting a final award by the commissioner or appeal therefrom and claimant’s position in this case would necessarily have the same status, under said general statutes, as a case having had a final decision denying benefits by the workmen’s compensation commissioner, with request that the claim be reopened and reheard under a special act granting specific relief to the claimant. ÍBy a recent diecision of the Supreme Court, not as yet reported, in six cases against the workmen’s compensation commissioner, in which Truax-Traer Coal Company and others were plaintiffs the court held that such a special act viola/tes the provision of the state constitution against the enactment of special laws where a general law would be proper and can be made applicable; that the. “due process” arid “equal protection” provisions of the state and federal constitutions interdict such a special act of the Legislature, and that the constitutional separation of the departments of government inhibits the Legislature from nullifying or modifying by a special act a final decision of a quasi-judicial tribunal which has been regularly made and become final under the general law relating thereto.
We are therefore of the opinion that this court is without jurisdiction to make an award, and an order will be entered denying an award for the reasons herein stated.